**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Keair Boyd,

Plaintiff,

v.

Las Vegas Metro Police, et al.,

Defendants.

Case No. 2:25-cv-01406-APG-BNW

**ORDER**

Pro se Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 4. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens Plaintiff's complaint.

**I.    ANALYSIS**

**A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### B.    Screening the complaint

Plaintiff alleges that in connection with a 2019 criminal matter, LVMPD confiscated various personal items as evidence. The charges in that case were ultimately not pursued, and a state court judge allegedly ordered that the property be returned to him. Despite that order, Plaintiff contends that LVMPD failed to return the property and instead retained it. The property allegedly included numerous personal items of significant value (e.g., shoes, clothing, watches).

Plaintiff further alleges that he later sought the return of his property but in May 2025 received a letter from an LVMPD investigative specialist stating that the property had been disposed of after purported unsuccessful attempts to notify Plaintiff that the items were available for release. Plaintiff disputes this explanation, asserting that he never received any such notice

and that, because prison legal mail procedures require his signature upon delivery, any claim that notice was attempted but unsuccessful is false.

In sum, the factual theory appears to be that defendants deprived the plaintiff of his personal property—despite a court order mandating its return—and did so without providing adequate notice or an opportunity to reclaim it before disposing of it.

The Due Process Clause of the Fourteenth Amendment forbids deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Courts distinguish between unauthorized deprivations and authorized, intentional deprivations.  Where a meaningful post-deprivation remedy is available, neither negligent nor intentional unauthorized deprivations of property by prison officials are actionable under § 1983. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985). However, an authorized, intentional deprivation of property is actionable under the Due Process Clause even where post-deprivation remedies exist. "Authorized" deprivations are those carried out pursuant to a state's established procedures, regulations, or statutes. In addition, when state officials act under the apparent authority of state procedures, regulations, or statutes, "deliberate, considered, planned, or prescribed conduct" that amounts to a property deprivation violates the Fourteenth Amendment, whatever the availability of post-deprivation relief. *See Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir.1985).

For purposes of screening, Plaintiff has sufficiently alleged that the deprivation of property was carried out pursuant to established procedures (despite the fact that Plaintiff questions the truthfulness of the statements underlying such procedures). As a result, the Plaintiff has alleged sufficient facts for a Fourteenth Amendment claim to proceed. But it is not clear who is responsible for the violation. Marcelina Cook is the person who *wrote* Plaintiff to inform him that the property had been disposed of—but that does not mean (nor does Plaintiff allege) that she disposed of the property. Plaintiff also names Sheriff Kevin McMahill; but there is no allegation that he was the one who disposed of the property. Lastly, as explained in further detail below, Plaintiff has not alleged *Monell* claims against METRO.

METRO may not be held liable merely because it employs someone who may have violated Plaintiff's constitutional rights. *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Thus, to the extent Plaintiff seeks to assert a claim against METRO based solely on the conduct of those who disposed of his property he cannot do so.

Under *Monell*, METRO can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. *Monell*, 436 U.S. at 690–95. A plaintiff asserting a constitutional claim under *Monell* against a county entity such as METRO must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which [s]he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to ... constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). However, before a Monell claim will proceed to litigation, a plaintiff must further allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam).  A local governmental entity like METRO may be held liable when it acts "pursuant to an expressly adopted official policy." *Id*. (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, METRO may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, METRO may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff's complaint contains no allegations regarding a policy violation or custom and practice. As a result, this Court will dismiss the complaint with leave to amend.

**C.    Instructions for amendment**

If Plaintiff chooses to file a second amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement

describing the underlying case and each Defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each Defendant fair notice of his claims against them and of his entitlement to relief.

Lastly, Plaintiff is advised that if he files an amended complaint, the complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make his amended complaint complete.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* is (ECF No. 4) is **GRANTED.**

**IT IS FURTHER ORDRED** that the complaint is **DISMISSED** with leave to amend. Should Plaintiff choose to amend his complaint, he must do so no later than June 9, 2026. Failure to amend by that deadline may result in the case being dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court detach the complaint at ECF No. 1-1 and file it separately on the docket.

**IT IS FURTHER ORDERED** that the undersigned recuses herself in this action for good cause. This action is referred to the Clerk for random reassignment of a new magistrate judge.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

DATED: May 8, 2026